Meyer, J.
(dissenting). Respectfully, I dissent. My disagreement is not with the presence or absence of explicit legislative history supporting what is concluded to have been the motivation for enactment of subdivision 2 of section 130.25 and section 130.30 of the Penal Law, for I tend to agree with Judge Campbell, concurring in Rundlett v Oliver (607 F2d 495, 504), that the issue is whether there is now a proper relationship between the enactment and its objective rather than whether there necessarily was when it first came into our law, and with Judge Bownes, dissenting in the same case (607 F2d, at p 505), that much that passes for legislative history in equal protection analysis is simply a derivation, or as he put it an “attribution”, of what the writer concludes must have been the motivation in light of the mores at the times the provision was enacted and amended. Nor do I disagree with the use of the Craig v Boren (429 US 190, 197) and Califano v Webster (430 US 313, 316-317) “intermediate scrutiny” test which requires that statutory classifications be substantially related to an important governmental objective rather than the lesser rational relationship to a permissible objective test or the more stringent strict scrutiny test which turns constitutionally on whether there is a necessary relationship to a compelling State interest. My point of departure is that without supporting data (whether in the form of legislative history or of a Brandéis brief), I do not find a substantial relationship.
What we deal with here are penal statutes that make felons out of males 21 or older who have consensual sexual intercourse with females 14 to 16 years old (Penal Law, § 130.25, subd 2) and males 18 or older who have consensual sexual intercourse with females 11 to 13 years old (Penal Law, § 130.30), but make it only a misdemeanor for a female 21 or older to have consensual sexual intercourse with a male 14 to 16 years old (Penal Law, § 130.55) or for a female 18 or older to have .consensual sexual intercourse with a male 11 to 13 years old (Penal Law, § 130.60). The bases for doing so are said to be, first, that a significant number of females less than 17 years old suffer inordinate physical and psychological harm as a result of consensual sexual intercourse with older persons of the opposite sex, *464 and, second, the need to protect young females, as well as society from the burdens of unwanted pregnancy.
It may be that the physical and psychological harm suffered by females under 17 years of age is greater than the corresponding harm suffered by their male counterparts. But the aberrational desire of adults to have sexual relations with children (known as pedaphilia) is not peculiar to males or directed solely at females (Eidson, Constitutionality of Statutory Rape Laws, 27 UCLA L Rev 757, 774), and with an upper limit of 16 years there is substantially less likelihood of physical danger to the victim than were the age limit lower (Ploscowe, Sex and the Law, p 184; Eidson, at pp 774-775).[1] Absent statistical support, I cannot conclude that relationship to either psychological or physical injury has been demonstrated to be sufficiently substantial to uphold the classification. To do so is, in effect, to embrace the moral viewpoint that girls, but not boys, need to be protected from their own inclination to enter into consensual sexual relationships with adults of the opposite sex. Yet this very day we have declared, “[I]t is not the function of the Penal Law in our governmental polity to provide either a medium for the articulation or the apparatus for the intended enforcement of moral or theological values” (People v Onofre, 51 NY2d 476, 488, n 3).
The same result follows when the question is examined in terms of protection from unwanted pregnancy. Though section 130.20 of the Penal Law makes it only a misdemeanor for a male age 16 to 20 to have consensual sexual intercourse with a female 14 to 16 years old and for a male age 16 and 17 to have consensual sexual intercourse with a female 11 to 13 years old, it is under sections 130.25 and 130.30 a felony for a male 21 or over to have consensual intercourse with a female 14 to 16 years old and for a male 18 or over to have consensual intercourse with a female 11 to 13 years old. In the absence of any data indicating that teen-age pregnancy results to a significant extent from sex *465 ual liaisons between young girls and older men, rather than between young girls and their teen-age contemporaries, it cannot be maintained that the imposition of felony punishment upon a limited class of older males meets the “substantial relationship” requirement. The majority’s assumption that such a demonstration is unnecessary in effect, once again, expresses a moral point of view.
Concededly there are decisions in a number of other States upholding statutory rape statutes against equal protection attack, one o£ which, Michael M. v Superior Ct. of Sonoma County (25 Cal 3d 608), has just been argued before the United States Supreme Court as this is written, but in my view logic does not support the gender-based differentiation made by the sections of the Penal Law in question.[2] Moreover, so to hold breaks no new ground (see Meloon v Helgemoe, 564 F2d 602, cert den 436 US 950 [striking down New Hampshire statutory rape provisions as violative of equal protection]; see, also, Commonwealth v MacKenzie, 368 Mass 613 [striking down as violative of equal protection law holding father but not mother criminally responsible for birth of illegitimate child] ; Commonwealth v Staub, 461 Pa 486 [striking down as violative of equal protection law making father liable for larger fine than mother upon conviction of fornication resulting in birth of child]). I would, therefore, reverse defendant’s conviction, grant the motion to dismiss the counts of the indictment charging rape in the second and third degrees, and remand the case for further proceedings on the indictment.
Chief Judge Cooke and Judges Jasen, Gabrielli and Jones concur with Judge Wachtler; Judge Meyer dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs.
Order affirmed.

. The conclusion is supported by the fact that the 1950 census showed that 6% of the females in the United States were married by age 16 (United States Census 1950, Special Reports: Marital Status, table 5, p 42, cited in Myers, Reasonable Mistake of Age: A Needed Defense to Statutory Rape, 64 Mich L Rev 105, 121, n 112).

. At least 39 States have so concluded, enacting gender neutral statutory rape laws (see Eidson, op. cit., at p 765, n 50).